UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MACK,

                       Petitioner,

    v.                                           9:22-CV-0923
                                                          (TJM)
ASSISTANT UNITED STATES ATTORNEY,

                       Respondent.[1]
_____

APPEARANCES:                                           OF COUNSEL:

JAMES MACK
Petitioner, pro se
99000069
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

THOMAS J. McAVOY
United States Senior District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner James Mack seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").[2] Petitioner also remitted the statutory filing fee. *See* Dkt. Entry for Pet. dated 09/07/22 (identifying receipt information for the filing fee transaction).

**II.   THE PETITION**

---

[1] The proper respondent for a § 2241 petition is the director or warden of the detention facility where the petitioner is incarcerated because the respondent is the individual "with the ability to produce [the petitioner's] body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Petitioner is presently housed at Onondaga County Justice Center; therefore, the correct respondent is Sheriff Eugene Conway.

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner challenges his pretrial detention by federal authorities while he awaits trial for his pending federal charges. Pet. at 1; *see also United States v. Mack,* No. 5:20-CR-0182 (DNH) ("Mack *I*"). On February 18, 2020, a Criminal Complaint was filed in the Northern District of New York and, on February 20, 2020, an accusatory instrument was filed in Syracuse City Court charging petitioner First Degree Criminal Possession of a Controlled Substance and other related offenses. *See Mack I,* Dkt. No. 1, Complaint; Ex. at 10. On June 27, 2022, the state court indictment was dismissed pursuant to New York Criminal Procedure Law § 30.30. Pet. at 2; Ex. at 9-17. However, petitioner's federal charges remain pending.

On February 19, 2020, petitioner had an initial appearance where he was appointed counsel, Stuart J. LaRose. *Mack I,* Dkt Entry dated 02/19/20, Text Minute Entry (outlining the events and appearances during the initial appearance); Dkt. No. 5, Text Order (appointing counsel). Petitioner waived his preliminary hearing. *Mack I,* Dkt. No. 7, Order. Then several stipulations and orders to continue were executed. *Mack I,* Dkt. Nos. 8-13. Petitioner was indicted on July 15, 2020, for Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *Mack I,* Dkt. No. 14, Indictment.

Petitioner waived his personal appearance at arraignment, and a plea of not guilty was entered on his behalf. *Mack I,* Dkt. No. 18, Waiver; *Mack I,* Dkt. No. 19, Order (approving waiver). This Court then issued a Criminal Pretrial Scheduling Order. *Mack I,* Dkt. No. 20. Several additional stipulations and continuance orders followed. *Mack I,* Dkt. Nos. 29-36.

2

Petitioner then requested substitution of counsel. *Mack I*, Dkt. No. 39, Letter; Ex. at 28-29 (letter to Judge Hurd requesting new counsel). Specifically, petitioner contended that LaRose (1) failed to communicate with him; (2) failed to visit him over the two years LaRose had represented him; (3) violated petitioner's constitutional rights by continually agreeing to stipulations for continuances without ever consulting petitioner or getting his consent to agree to the stipulation; and (4) failed to file requested motions on petitioner's behalf. *Mack I*, Ex. at 28-29; *see also Mack I*, Ex. at 30-31 (letter from petitioner to LaRose). On March 16, 2022, petitioner was appointed new counsel, attorney Kerry Buske. *Mack I*, Dkt. Entry dated 03/16/22, Text Minute Entry (outlining the events and appearances during the attorney appointment hearing); *Mack I*, Dkt. No. 40, Text Order (appointing Kerry Buske).

An in-person status conference was held on June 1, 2022, during which the pretrial motion calendar was amended. *Mack I*, Dkt. Entry dated 06/01/22. On June 23, 2022, another proceeding was held before Judge Hurd where Buske was relieved of her duties as assigned counsel and a third, and final, attorney was appointed to provide petitioner with representation. *Mack I*, Dkt. Entry dated 6/23/22, Text Minute Entry (outlining the events and appearances during status conference); *Mack I*, Dkt. No. 48, Text Order (appointing Cory Zennamo).

Petitioner's counsel, Zennamo, recently requested additional time to file pretrial motions for petitioner's federal criminal trial. *Mack I*, Dkt. No. 53, Letter Motion. On August 23, 2022, an in-person pretrial conference was held before Judge Hurd with counsel only. *Mack I*, Dkt. Entry dated 08/18/22, Text Notice (setting conference date); *Mack I*, Dkt. Entry dated 08/23/22, Text Minute Entry (reporting contents of the conference). The conference

3

> discusse[d] the status of the action, further motions by [petitioner] and trial scheduling.  Upon statements of counsel, Judge Hurd order[ed] that any further pretrial motion shall be filed by September 9, 2022 . . . [and that j]ury selection and trial of this matter is ordered adjourned and rescheduled and shall be held on Monday, October 17, 2022.

*Mack I,* Dkt. Entry dated 08/23/22, Text Minute Entry.  Petitioner's counsel timely filed a motion to suppress.  *Mack I*, Dkt. No. 54.

Petitioner argues that he is entitled to federal habeas relief because (1) his first court-appointed attorney was constitutionally ineffective, Pet. at 6, Ex. at 1; (2) petitioner's Fifth and Fourteenth Amendment rights were violated when the government failed to indict his case within the thirty (30) day deadline, Pet. at 6; (3) petitioner's right to a speedy trial was violated when the government failed to bring him to trial within seventy (70) days from filing the indictment, Pet. at 6, Ex. at 1; and (4) false information supported the search warrant application, therefore, petitioner's Fourth Amendment rights were violated by the subsequent unlawful search and seizure, Pet. at 7, Ex. at 1-2.  For a complete statement of petitioner's claims, reference is made to the petition.

### III.   DISCUSSION

Petitioner requests that this Court "[i]nvalidate [the] search warrant, suppress all evidence obtained from the search, dismiss the indictment, sentence [petitioner] to time served on federal probation violation, [and] release [petitioner] from custody and terminate federal supervision."  Pet. at 7.  Essentially, petitioner's request seeks to have the Court intervene in a pending federal criminal matter, make findings to dismiss that matter, and order his release from detention.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain

from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). While *Younger* applies explicitly to pending state court claims, "federal courts have applied the abstention doctrine . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings." *Ali v. United States*, No. 12-CV-0816A, 2012 WL 4103867, at *1 (W.D.N.Y. Sept. 14, 2012) (citing cases); *see also Ceglia v. Zuckerberg,* 600 Fed. App'x 34, 37-38 (2d Cir. 2015) (holding that abstention should bar a federal civil court from interfering with a pending federal criminal prosecution where "the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum[.]"); *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020) (explaining *Younger*'s holding, that equitable principles compel federal courts to abstain from enjoining ongoing criminal prosecutions whereupon the prosecution itself provides a legal remedy, and concluding that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused.") (citing cases).

Petitioner's present habeas action attempts to circumvent the federal criminal trial process. Given the pending criminal matter and petitioner's ability to avail himself of a defense in a federal forum, this Court must abstain. Therefore, the petition is dismissed. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas*, 2020 WL 2192716, at *2. Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*

## IV.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk is respectfully directed to update the caption to reflect the proper respondent; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court respectfully provide petitioner with a copy of the docket sheet from his criminal case, *United States v. Mack,* No. 5:20-CR-0182 (DNH), for reference; and it is further

**ORDERED** that the Clerk is respectfully directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: September 20, 2022

*[Signature]*
Thomas J. McAvoy
Senior, U.S. District Judge